

PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

August 22, 1949

Hon. L. A. Woods                    Opinion No. V-889.
State Superintendent
Department of Education    Re: The directory or mandatory
Austin, Texas                       nature of the provision in
                                    H.B. 651, 51st Leg., that
                                    school authorities should
                                    have the duty to suspend
                                    or expel members of frater-
Dear Dr. Woods:                     nities and sororities.

        Your request for an opinion relating to Sec-
tion 4 of H.B. 651, Acts of the 51st Legislature, 1949,
which provides that it should be the duty of school au-
thorities to suspend or expel from school any pupil who
is a member of a fraternity, sorority or secret society,
presents the following question:

        "Does this provision make it mandatory
    that the school authority suspend or expel
    students who are members of fraternities,
    sororities or secret societies, or is it dis-
    cretionary with the school directors to sus-
    pend or expel such student?"

        H.B. No. 651, Acts of the 51st Leg., R.S. 1949,
ch. 429, p. 803, is an Act designed primarily to prohibit
public school fraternities, sororities and secret socie-
ties in all public schools of this State, except univer-
sities and colleges. Section 1 of the Act prohibits such
organizations. Section 2 defines such organizations to
be those composed wholly or in part of public school pu-
pils of public schools below the rank of college or jun-
ior college which seek to perpetuate themselves by taking
in additional members from the pupils enrolled in such
school on the basis of the decision of its membership
rather than upon the free choice of any pupil in the
school who is qualified by the rules of the school to
fill the special aims of the organization. Section 3
declares a public school fraternity, sorority or secret
society to be an organization inimical to the public good,
and Section 4, which relates directly to the question pre-
sented, provides as follows:

"It should be the duty of School Directors, Boards of Education, School Instructors and other corporate authority managing and controlling any of the Public Schools of this State within the provisions of this Act, to suspend or expel from the school under their control any pupil of such school who shall be or remain a member of, or who shall join or promise to join, or who shall become pledged to become a member of, or who shall solicit any other person to join, promise to join, or be pledged to become a member of any such Public School Fraternity, or Sorority, or Secret Society. Providing that the above restrictions shall not be construed to apply to agencies for Public Welfare, viz: Boy Scouts, Hi-Y, Girl Reserves, DeMolay, Rainbow Girls, Pan-American Clubs, and Scholarship Societies, and other kindred educational organizations sponsored by the State or National education authorities."

Section 5 of the Act under consideration makes it unlawful for any person not in any such school to solicit any pupil to join or pledge such organization. Section 6 of the Act contains the penalty clause.

In 3 Sutherland Statutory Construction (3rd Ed. 1943) 79, it is said:

"It can be stated as a general proposition that, as regards the question of mandatory and directory operation, the courts will apply that construction which best carries into effect the purpose of the statute under consideration. To this end, the courts may inquire into the purpose behind the enactment of the legislation requiring construction as one of the first steps in treating the problem. The ordinary meaning of language may be overruled to effectuate the purpose of the statute.

" . . . It is always to be presumed that the legislature was motivated by some purpose in the enactment of a statute, so that if one construction would render it ineffective, the other should manifestly be adopted."

This same author states in connection with statutes imposing criminal sanctions or penalties that "the rule has been stated with particular clarity that 'Where a legislative provision is followed by a penalty for failure to observe it, the provision is mandatory.' This may be seen as a part of the general problem of implied consequences of legislation." 3 Sutherland Statutory Construction (3rd Ed. 1943) 110.

There is no absolute test or infallible rule by which a mandatory statute or provision may be distinguished from one which is merely directory. In each case the question is one of statutory construction to be judicially determined according to the intent of the Legislature from a consideration of the entire statute, its nature, object and subject matter, and the consequences that will result from a particular construction. Burton v. McGuire, 3 S.W.2d 576 (Tex. Civ. App. 1927), aff'd Burton v. McGuire, 41 S.W.2d 238 (Comm. App. 1931); Gayle v. Alexander, 75 S.W.2d 706 (Tex. Civ. App. 1934); 39 Tex. Jur. 33, Statutes, Sec.14.

In the case of Fegan v. Lykes Bros. S.S. Co., 3 So.2d 632 (La. Sup. 1941), the Court stated:

"The word 'should' is the imperfect of the word 'shall'; it is the preterit of the word 'shall'; 'should' is used as an auxiliary verb either in the past tense or conditional present. Its synonym is 'ought'. Both of these words clearly imply obligation."

The primary purpose of the Act in question is to prohibit a public school fraternity, sorority or secret society and it is evident that the Act contemplates that a student who participates in such a prohibited organization is to be expelled or suspended from school. To carry out the purpose and intent of the Legislature in prohibiting these types of organizations, the only recourse which the school authorities have is to expel or suspend those participating or file criminal complaints against those outside of the school soliciting membership. The intent of the Legislature would be thwarted in prohibiting the types of societies enumerated in the Act if the provisions of Section 4 are interpreted as being merely directory.

In view of the foregoing rules of construction, and considering the Act as a whole, its nature and object,

the only reasonable construction that can be placed on Section 4 is that the terms thereof are mandatory.

## SUMMARY

The provisions of Section 4 of H.B. 651, Acts of the 51st Legislature, 1949, relating to the expulsion or suspension of pupils participating in secret societies, sororities, and fraternities of public schools of the high school level and below are mandatory.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:bh

APPROVED

Price Daniel
ATTORNEY GENERAL